UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN MECEY and DAVID MECEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | Case No. 4:17CV1653JCH |
| CITY OF FARMINGTON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' "Motion for leave to Amend Complaint Second Amended Complaint," in which Plaintiffs request leave to file a Second Amended Complaint. (ECF 33). Defendant Edward Pultz has filed Suggestions in Opposition to Plaintiffs' Motion. (ECF 34). Also before the Court is Plaintiffs' Motion for Leave to File Out of Time. (ECF 35).

Plaintiffs Robin Mecey and David Mecey filed a Complaint in this matter on June 12, 2017. (ECF 1). The Complaint which named fifteen Defendants, alleged Plaintiffs suffered damages as a result of a series of events involving Robin Mecey, which events commenced on March 24, 2014, and which ultimately resulted in Robin Mecey's conviction for stealing from the J.C. Penney's Farmington store. Plaintiffs' Complaint sought, among other things, $15,000,000 in damages. (ECF 1 at 7).

On July 12 and 31, 2017, respectively, Defendant J.C. Penny Corporation, Inc., (J.C. Penny) and Defendant Victoria Bollman (Bollman) each filed a Motion to Dismiss, For More Definite Statement and/or to Strike (ECF 10; ECF 17). In their Motions to Dismiss, For More Definite Statement, and/or to Strike Plaintiffs' First Amended Complaint, J.C. Penney and Bollman argued that Plaintiffs' Complaint named fifteen different defendants, including persons from various government entities as well as several individuals not working for governmental entities; that allegations against all defendants were plead in a single count, with lengthy paragraphs, setting forth Plaintiffs' claims in a narrative manner; and that the paragraph in which Plaintiffs sought damages included self-serving statements regarding Plaintiffs and, thus, did not provide a simple statement of the relief Plaintiffs were seeking. (ECF 10, ¶¶ 2-3; ECF 17, ¶¶ 2-3).

On July 31, 2017, Defendant Edward Pultz filed a Motion to Dismiss, or in the Alternative, for More Definite Statement and to Strike (ECF 18). In his Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike, Defendant Pultz argued that Plaintiffs' allegations against him arose exclusively from his rulings as Judge in a bench trial over which he presided and which resulted in Plaintiff Robin Mecey's conviction, on July 24, 2014; that he has judicial immunity from any claims Plaintiffs make against him, including claims brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985; that the Court should

2

decline to hear Plaintiffs' claims against him because a federal district court is precluded from adjudicating claims that, "in effect, challenge a state court decision"; that Plaintiffs' Complaint failed to comply with the pleading requirements of the Federal Rules of Civil Procedure in that its allegations were not "simple, concise and direct," and were redundant, immaterial, and impertinent; and that Plaintiff David Mecey had not suffered an "injury in fact," and, therefore, had no standing to bring his cause of action. (ECF 18, ¶¶ 2-13).

On August 30, 2017, well after the time had expired for Plaintiffs to respond to the aforementioned Motions and prior to the Court's ruling on those Motions, Plaintiffs filed a Motion for Leave to Amend Complaint. (ECF 21). The Court granted Plaintiffs leave to file an amended complaint. (ECF 22). On September 1, 2017, Plaintiffs filed a fourteen page First Amended Complaint. (ECF 23).

The First Amended Complaint adds details to the events described in the Complaint, repeats the causes of action enumerated in the Complaint, and adds the allegation that various Defendants "enter[ed] into a conspiracy to commit judicial fraud to get Robin Mecey's Trial Denovo dismissed in order for [the prosecutor] to steal the case and silence Robin and David Mecey and to conceal the kidnaping class A felony crime along with the false police reports…." (ECF 23, ¶ 16).

As for "Damages," the First Amended Complaint states that Plaintiffs "suffered expenses of over 36 months of judicial abuse with over 1500 miles

traveled and the time to respond pro se with dozens of motions answers and briefs"; that Robin Mecey has suffered "mental anguish," "IBS," and nightmares from the aforementioned events; that Robin Mecey "has had her[] 4th 5th 6th 8th and 14th amendments violated multiple times by the actions of the defendants and has been criminally violated"; and that Robin Mecey had to pay a fine and court costs for the "De Novo trial that she was denied." (ECF 23, ¶ 25). For "Relief," Plaintiffs seek "to get the conflicting policies and the malice for rule of law in the acts of the City of Farmington in treating complainants as adversaries changed," plus "damages for time, [costs] and reputation," including a refund for fines and fees paid to the Farmington Municipal Court. (ECF 23, ¶ 26).

On September 15, 2015, Defendants J.C. Penney and Bollman filed a Motion to Dismiss, For More Definite Statement and/or to Strike Plaintiffs' First Amended Complaint, in which they argue that, despite the Court's granting Plaintiffs leave to file an amended complaint, the First Amended Complaint fails to rectify issues identified in their prior Motions to Strike. This Motion also adds that Plaintiffs' First Amended Complaint should be dismissed in regard to David Mecey in that the First Amended Complaint is "devoid of any claims against J.C. Penney and Bollman; that Plaintiffs' cause of action should be dismissed in its entirety because the Complaint was filed after the applicable statute of limitations expired; and that Plaintiffs' claim of malicious prosecution against J.C. Penney and

Bollman should be dismissed because Plaintiffs failed to allege the condition precedent to such a claim – that Robin Mecey was successful in the underlying prosecution. (ECF 30).

On September 21, 2017, Defendant Edward Pultz filed a Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint, in which he contends that Plaintiffs' First Amended Complaint should be dismissed as to Plaintiffs' claims against Pultz because he has judicial immunity and that the Court's considering the claims against him would violate the Rooker-Feldman Doctrine, which precludes federal district courts from adjudicating claims that "in effect constitute a challenge to a state court decision." (ECF 27, ¶¶ 3-8).

On October 2, 2017, Plaintiffs filed a Response to the September 15, 2015 Motion to Dismiss filed by J.C. Penney and Bollman. (ECF 30). On October 12, 2017, the Court ordered Plaintiffs to file a response to Defendant Pultz's September 21, 2017 Motion to Dismiss within fourteen days of the date of the Order. (ECF 32). On October 30, 2017, after the expiration of the fourteen-day period, Plaintiffs filed the pending Motion for leave to file a second amended complaint, to which they have attached a proposed twenty-two page proposed Second Amended Complaint. (ECF 33; ECF 33.1). The proposed Second Amended Complaint designates twenty Counts, in one hundred fifteen paragraphs.

The Counts describe the events giving rise to Plaintiffs cause of action in narrative form and in greater detail that the First Amended Complaint. The damages Plaintiffs seek in the proposed Second Amended Complaint do not differ significantly from the relief they sought in the First Amended Complaint. (ECF 33.1).

Defendant Pultz has filed Suggestions in Opposition to Plaintiffs' Motion for Leave to Amend Complaint in which he argues that Plaintiffs' Motion for Leave to Amend Complaint should be denied as it pertains to him because Plaintiffs' Motion is untimely; that Plaintiffs' failure to timely respond should be fatal to their claims against him; and that he would be prejudiced if Plaintiffs are allowed to untimely respond to his Motion to Dismiss. (ECF 34).

Having reviewed Plaintiffs' proposed Second Amended Complaint, the Court finds that, while it provides greater detail about the events giving rise to Plaintiffs' cause of action, it does not change the nature of the allegations against J.C. Penney, Bollman, and Pultz. Additionally, the proposed Second Amended Complaint does not address the issues raised by Defendant Pultz in either Defendant Pultz's July 31, 2017 Motion or his September 21, 2017 Motion, including that judicial immunity applies to all of Plaintiffs' allegations against Defendant Pultz. Also, the proposed Second Amended Complaint fails to address the issues raised by J.C. Penny and Bollman in their previously filed Motions to

Dismiss, For More Definite Statement, and/or to Strike, including that the Complaint was filed after applicable the statute of limitations expired and that the First Amended Complaint insufficiently alleges malicious prosecution.

The Court finds, therefore, that the proposed Second Amended Complaint does not impact the issues presented to the Court in J.C. Penney's and Bollman's Motion to Dismiss, For More Definite Statement, and/or to Strike Plaintiffs' First Amended Complaint and in Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint. As such, the Court will consider those Motions without further briefing from the parties and with reference to the First Amended Complaint, with the exception that the Court will give Plaintiffs an additional seven days from the date of this Order to respond to Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint. The Court additionally finds that to permit Plaintiffs to file a Second Amended Complaint at this point in the proceedings would prejudice J.C. Penney, Bollman, and Pultz. *See Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008) ("A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-

moving party, or futility of the amendment.") (internal quotation marks and citation omitted).

Nonetheless, in the interests of justice, the Court will allow Plaintiffs to renew their Motion for Leave to File a Second Amended Complaint, after the Court rules on J.C. Penney's and Bollman's Motion to Dismiss, For More Definite Statement, and/or to Strike Plaintiffs' First Amended Complaint (ECF 25) and Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint (ECF 27). Further, in the interests of justice, the Court will once again permit Plaintiffs to file an out-of-time response to Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint (ECF 27) and, accordingly, will grant Plaintiff's Motion For Leave to File Out of Time (ECF 35).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Leave to Amend Complaint Second Amended Complaint" is **DENIED** (ECF 33), without prejudice;

**IT IS FURTHER ORDERED** that after the Court rules on J.C. Penney's and Bollman's Motion to Dismiss, For More Definite Statement, and/or to Strike Plaintiffs' First Amended Complaint (ECF 25) and Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First

Amended Complaint (ECF 27), Plaintiffs may renew their "Motion for Leave to Amend Complaint Second Amended Complaint";

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Out of Time (ECF 35) is **GRANTED**; that Plaintiffs have seven (7) days from the date of this Order to file a Response to Pultz's Motion to Dismiss, or in the alternative, For More Definite Statement and to Strike Plaintiffs' First Amended Complaint (ECF 27); that no further extensions will be granted; and that Plaintiffs' failure to file a Response within seven (7) days may result in the granting of Pultz's Motion; and

**IT IS FINALLY ORDERED** that Defendant Edward Pultz has seven (7) days from the date Plaintiffs file a Response to file a Reply.

Dated this 14th Day of November 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE